10-454-ag
Nanez Holguin v. Holder

BIA
Sagerman, IJ
A044 464 204

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of March, two thousand eleven.

PRESENT:
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
        RICHARD C. WESLEY,
                *Circuit Judges.*

_____

LUIS FERNANDO NANEZ HOLGUIN,
        *Petitioner,*

        v.                                    10-454-ag
                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Alexander Arandia, Forest Hills, New
                        York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Emily Anne Radford,
                        Assistant Director; Craig A. Newell,
                        Jr., Trial Attorney, Office of
                        Immigration Litigation, Civil
                        Division, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Luis Fernando Nanez Holguin, a native and citizen of Colombia, seeks review of a January 13, 2010 decision of the BIA affirming the October 22, 2009 decision of Immigration Judge ("IJ") Roger Sagerman, finding him removable as an aggravated felon, denying relief from removal, and concluding that he was not a derivative citizen. *In re Nanez Holguin*, No. A044 464 204 (B.I.A. Jan. 13, 2010), *aff'g* No. A044 464 204 (Immig. Ct. N.Y. City Oct. 22, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Nanez Holguin does not challenge the agency's findings that he was convicted of an aggravated felony or that he did not establish his eligibility for relief from

removal, we review only the agency's determination that Nanez Holguin is not entitled to derivative citizenship. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Because Nanez Holguin was more than eighteen years of age at the time the Child Citizenship Act ("CCA") took effect in February 2001, and because the CCA does not apply retroactively, Nanez Holguin is subject to the derivative citizenship statute as written prior to the CCA, namely Immigration and Nationality Act ("INA") § 321(a). *See Langhorne v. Ashcroft*, 377 F.3d 175, 178-79 (2d Cir. 2004). In relevant part, INA § 321(a) provided that "[a] child born outside of the United States of alien parents . . . becomes a citizen of the United States upon . . . [t]he naturalization of the parent having legal custody of the child when there has been a legal separation of the parents . . . if [that] naturalization takes place while such child is under the age of eighteen years . . . [and] is residing in the United States pursuant to a lawful admission for permanent residence."  8 U.S.C. § 1432(a), *repealed by* Child Citizenship Act of 2000, Title I, § 103(a), 114 Stat. 1632; *Langhorne*, 377 F.3d at 177-78.

3

Although Nanez Holguin claims derivative citizenship under § 321(a)(3), alleging that his parents had a de facto legal separation and that he was in the legal custody of his father at the time that his father naturalized in 1995, he does not allege that his parents undertook any formal act that altered their marital relationship. *See Brissett v. Ashcroft*, 363 F.3d 130, 132 (2d Cir. 2004) (holding that INA § 321's requirement of legal separation "is satisfied only by a formal act which, under the laws of the state or nation having jurisdiction of the marriage, alters the marital relationship either by terminating the marriage (as by divorce), or by mandating or recognizing the separate existence of the marital parties"). Thus, his parents were not legally separated for purposes of former INA § 321 and he did not acquire derivative citizenship. *See id*. at 133-37; *see also Lewis v. Gonzales*, 481 F.3d 125, 131 (2d Cir. 2007).

Although Nanez Holguin contends that the formal legal separation requirement infringes on his parents' First Amendment rights to freely practice their Roman Catholic religion, which does not recognize legal separations, he does not have standing to raise a claim of a violation of his parents' constitutional rights, and his naturalization

was not dependent on his parents obtaining a legal separation, as his father could have submitted a naturalization petition on his behalf while he was a minor. *See Nehme v. INS*, 252 F.3d 415, 430 n.18 (2d Cir. 2001).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk